# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**YOU ARE COMMANDED** to execute this warrant on or before _____ *(not to exceed 14 days)*
❐ in the daytime 6:00 a.m. to 10:00 p.m.    ❐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ .
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ❐ for _____ days *(not to exceed 30)*    ❐ until, the facts justifying, the later specific date of _____ .

Date and time issued: _____    _____
*Judge's signature*

City and state: _____    _____
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. Records and information associated with the cellular devices assigned 203-530-0242 (hereafter "Target Telephone"), which investigators believe to be subscribed to Willis TAYLOR of 37 Edwards Street, West Haven, CT, that is in the custody or control of Verizon (the "Service Provider"), a wireless communications service provider that is headquartered at 180 Washington Valley Road, Bedminster, New Jersey. **Target Telephone** is a SAMSUNG device model# SM-N986U-W; Device ID 89148000005787589159; IMSI# 311480562989780; IMEI# 356556771529949.

# ATTACHMENT B

## Particular Things to be Seized

**I. Information to be Disclosed by the Provider:**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

1. Information associated with each communication to and from Target Telephone for a period of 30 days from the date of the warrant, including:

    a. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    b. Source and destination telephone numbers;

    c. Date, time, and duration of communication; and

    d. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which Target Telephone will connect at the beginning and end of each communication.

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, under the same docket number, for such information associated with Target Telephone.

2. Information about the location of Target Telephone for a period of 30 days, during all times of day and night. "Information about the location of Target Telephone includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

a. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of Target Telephone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.
    b. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).
 3. This warrant does not authorize the seizure of the contents of any communications.

**II. Information to be Seized by the Government:**

All information described above in Section I that constitutes evidence, fruits, contraband, and instrumentalities of violations of 21 U.S.C. § 841(a)(1) (manufacturing or possession with intent to manufacture a counterfeit substance); 21 U.S.C. § 846 (conspiracy to possess with intent to distribute and distribution of a controlled substances), and 21 U.S.C. § 843(a)(5)(6) (possession of a tabletting machine or any equipment used to manufacture a controlled substance (hereafter referred to as the "Target Offenses") during the thirty day period from the date of the warrant.